**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10151 |
| Plaintiff-Appellee, | D.C. No. 1:10-cr-00055-JMS-1 |
| v. | |
| GABRIEL RUIZ SALCEDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 16, 2023[**]
Honolulu, Hawaii

Before: BEA, COLLINS, and LEE, Circuit Judges.

Gabriel Ruiz Salcedo appeals the district court's denial without prejudice of

his motion to reduce sentence, brought under 18 U.S.C. § 3582(c)(1)(A), as amended

by the First Step Act ("FSA"). We have jurisdiction under 28 U.S.C. § 1291. We

vacate and remand for reconsideration in light of intervening case law.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Salcedo is currently serving two concurrent life sentences in federal prison for two drug convictions. When Salcedo was sentenced in 2011, he was subject to a mandatory minimum term of life imprisonment for each of his convictions. 21 U.S.C. § 841(b)(1)(A) (2010). In 2018, the FSA non-retroactively amended the mandatory minimum provisions of § 841, and the parties agree that if Salcedo were sentenced today, he would be subject to a mandatory minimum term of 15 years rather than life imprisonment. The district court reasoned that, if sentencing Salcedo today—considering the 15-year mandatory minimum, Salcedo's underlying offense, Salcedo's criminal history, and other sentencing factors—the court would sentence Salcedo to a term within a range of 262–327 months imprisonment (approximately 22–27 years).

Salcedo argues that "extraordinary and compelling reasons" justify a sentence reduction given the disparity between the sentence he received in 2011 and the sentence he would receive today, among other factors. The district court denied Salcedo's motion for a reduction in sentence as "premature," citing legal "uncertainty" in the Ninth Circuit as to whether a district court can consider a sentencing disparity created by a non-retroactive change to a mandatory sentencing scheme when determining whether "extraordinary and compelling reasons" justify granting a defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

The district court decided this case before our decision in *United States v. Chen*, 48 F.4th 1092, 1093 (9th Cir. 2022), which held that "a district court may consider the First Step Act's non-retroactive changes to sentencing law, in combination with other factors particular to the individual defendant, when determining whether extraordinary and compelling reasons exist for a sentence reduction." Accordingly, we vacate the district court's order denying Salcedo's motion to reduce sentence and remand to the district court to consider the motion in light of intervening case law.

**VACATED AND REMANDED.**